UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GANGA RAM GAUTAM,

Petitioner,

v.

MATTHEW PUTRA,

Respondent.

Case No. 1:26-cv-2854

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to conduct a bond hearing to satisfy the requirements of due process.[1] (Pet., ECF No. 1, PageID.7.) In an order entered on October 8, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

[1] In Petitioner's § 2241 petition, Petitioner also raises claims regarding the conditions of Petitioner's confinement. To the extent Petitioner wishes to do so, Petitioner is free to raise these claims in a civil rights action.

should not be granted. (Order, ECF No. 6.) Respondent filed a response on October 13, 2026, (ECF No. 7.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Bhutan. (2026 I-213, ECF No. 7-1, PageID.26.) Petitioner entered the United States on October 6, 2009, as a refugee, and on or about December 23, 2011, adjusted his status to become a Legal Permanent Resident. (*Id.*)

On May 30, 2023, Petitioner was convicted of terroristic threats, in violation of 18 Pa. Cons. Stat. § 2706(a)(1). (Information & Plea, ECF No. 7-2, PageID.39–50.)

On April 11, 2026, Immigrations and Customs Enforcement (ICE) and Enforcement and Removal Officers (ERO) encountered and arrested Petitioner. (2026 Form I-213, ECF No. 7-1, PageID.26.) Department of Homeland Security (DHS) placed Petitioner in removal proceedings by issuing Petitioner a Form I-862 Notice to Appear (NTA), charging Petitioner as removable under § 237(a)(2)(E)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "who at any time after entry has been convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment." (NTA, ECF No. 7-4, PageID.54.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Discussion

Petitioner claims that he has not been provided with a § 1226(a) bond hearing. (Pet., ECF No. 1, PageID.6.) Respondent counters Petitioner's arguments claiming that Petitioner is subject to mandatory detention under § 1226(c) because he was convicted of making terroristic threats. (Resp., ECF No. 7, PageID.20–22.)

Section 1226(c) of Title 8 requires the government to detain certain individuals who have been convicted based on specified criminal conduct. *See* 8 U.S.C. § 1226(c). More specifically, 8 U.S.C. § 1226(c)(1)(A) directs that officials keep in custody any noncitizen who "is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." Offenses covered by 8 U.S.C. § 1182(a)(2) include "a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime." 8 U.S.C. § 1182(a)(2)(A)(i)(I). Unlike § 1226(a), which allows for release on bond, § 1226(c) stipulates that release from detention is available "only if the [noncitizen] is released for witness-protection purposes." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (internal quotation marks and citations omitted).

Here, there is nothing in the record to call into question Petitioner's 2023 conviction for terroristic threats. Therefore, based on the record before the Court at this time, it does not appear that Petitioner is entitled to a bond hearing under § 1226(a).[2] Accordingly, the Court will dismiss the petition without prejudice on this basis.

[2] To the extent that Petitioner believes that his detention does not fall within the scope of § 1226(c), he may request a "*Joseph* hearing" in Immigration Court. *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999); *see also* 8 C.F.R. § 1003.19(a). At such a hearing, Petitioner would have the opportunity to "avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Jennings v. Rodriguez*, 583 U.S. 281, 289 n.1 (2018) (quoting *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003)).

**Conclusion**

For the reasons discussed above, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 23, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge